## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

U.S. Commodity Futures Trading Commission,                Civil No. 09-259 (DWF/AJB)

        Plaintiff,

                                           ***EX PARTE* STATUTORY**

v.                                                      **RESTRAINING ORDER**

Charles E. Hays Jr., and Crossfire Trading  LLC,

        Defendants.

_____

Robyn A. Millenacker, Assistant United States Attorney, United States Attorney's Office; and Susan J. Gradman, Esq., U.S. Commodity Futures Trading Commission, counsel for Plaintiff.

_____

Having read the Complaint for Injunctive and Other Equitable Relief, the Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order, the Declarations of Bruce Hendry, Phillip Herbert, Marc Nagel, and Judith McCorkle, and exhibits thereto, and the brief submitted in support of its motion;

**THE COURT FINDS:**

    1.     The Court has jurisdiction over the subject matter.

    2.     Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2006), permits this Court to enter a statutory restraining order ("SRO").

    3.     It appears that there is good cause to believe that Defendants Charles E. Hays and Crossfire Trading LLC, have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(2)(i), (ii) and (iii), 4*o*(1), 4m(1) and 4k(2) of the

Commodity Exchange Act, as amended ("Act") 7 U.S.C. § 6b(a)(2)(i), (ii) and (iii), 6$o$(1), 6m(1) and 6k(2) (2006). There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for pool participants in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by the Defendants of their assets or destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this order.

4.      It further appears to the satisfaction of the Court that this is a proper case for granting an *ex parte* statutory restraining order to preserve the status quo and to protect public investors from further loss and damage.

## ORDER

### DEFINITIONS

For the purposes of this Order, the following definitions apply:

5.      "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

6.      The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings,

2

drawings, graphs, charts, photographs, audio and video recordings, computer records, and

other data compilations from which information can be obtained and translated, if

necessary, through detection devices into reasonably usable form.  A draft or

non-identical copy is a separate document within the meaning of the term.

7.     "Defendants" means, Charles E. Hays and Crossfire Trading, LLC and any

person insofar as he or she is acting in the capacity of an officer, agent, servant, employee

or attorney of Defendants, and any person who receives actual notice of this Order by

personal service or otherwise, including Federal Express and facsimile, insofar as he or

she is acting in concert or participation with Defendants.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

### *I.  ASSET FREEZE*

**IT IS ORDERED** that Defendants are restrained and enjoined from directly or

indirectly withdrawing, transferring, removing, dissipating, selling, alienating,

liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or

otherwise disposing of any funds, assets or other property, wherever located, including

funds, property or assets held outside the United States, except as ordered by the Court.

The assets affected by this Paragraph shall include both existing assets and assets

acquired after the effective date of this Order, as well as accounts not specifically

identified below.

**IT IS FURTHER ORDERED** that, pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any funds, assets or other property of the Defendants, or has held, controlled, or maintained custody of any funds, assets or other property of the Defendants, and who receives notice of this order by any means, including facsimile, electronic mail, and Federal Express, shall:

A.      Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such assets except as directed by further order of the Court;

B.      Deny Defendants, and all other persons access to any safe deposit box that is:

1.      titled in the name of the Defendants, either individually or jointly; or

2.      otherwise subject to access by the Defendants;

C.      Provide counsel for the CFTC within five (5) business days of receiving a copy of this Order, a statement setting forth:

1.      the identification number of each such account or asset titled in the name, individually or jointly, of the Defendants, or held on behalf of, or for the benefit, of the Defendants;

2.      the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on

4

which this Order is served, and, if the account or other asset has been closed

or removed, the date closed or removed, the total funds removed in order to

close the account, and the name of the person or entity to whom such

account or other asset was remitted; and

3.      the identification of any safe deposit box that is either titled in the name,

individually or jointly, of the Defendants, or is otherwise subject to access by the

Defendants;

D.      Upon the request by the CFTC, promptly provide the CFTC with copies of

all records or other documentation pertaining to such account or asset, including, but not

limited to, originals or copies of account applications, account statements, signature

cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit

and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit

box logs; and

E.      Cooperate with all reasonable requests of the CFTC relating to

implementation of this Order, including producing records related to Defendants'

accounts and Defendants' businesses.

## II. *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that the Defendants and all persons or entities who

receive notice of this Order by personal service or otherwise, including facsimile and

Federal Express, are restrained and enjoined from directly or indirectly destroying,

mutilating, erasing, altering, concealing or disposing of, in any manner, directly or

indirectly, any documents that relate to the business practices or business or personal finances of the Defendants.

### III.  *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

### IV.  *STAY*

**IT IS FURTHER ORDERED** that except by leave of the Court the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants, including but not limited to, the following actions:

A.   Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.   Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the

Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

C.      Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants; and

D.      Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.  This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V.  *SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALL'S SERVICE*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.  Judith McCorkle, Cynthia Cannon and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

7

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including the summons and complaint, and all other papers in this case as well as assist the Commission with taking control and custody of the assets, records and business premises of the Defendants.

## VI.  *SERVICE ON THE COMMISSION*

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Susan Gradman, Lead Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VII.  *COURT MAINTAINS JURISDICTION*

**IT IS FURTHER ORDERED** that this Statutory Restraining Order shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## VIII.  FURTHER COURT HEARINGS

**IT IS FURTHER ORDERED** that this matter is set for a status hearing on

Wednesday, February 11, 2009, at 10:00 a.m., in Courtroom 7C, 7th Floor, Warren E.

Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul,

Minnesota.

**IT IS SO ORDERED**.

Dated:  February 5, 2009          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court