## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

U.S. Commodity Futures Trading
Commission,

               Plaintiff,

v.

Charles E. Hays Jr., and Crossfire
Trading  LLC,

               Defendants.

Civil No. 09-259 (DWF/AJB)

## CONSENT ORDER FOR
## PRELIMINARY INJUNCTION

---

Robyn A. Millenacker, Assistant United States Attorney, United States Attorney's Office;
and Susan J. Gradman, Esq., Neville S. Hedley, Esq., Rosemary Hollinger, Esq., and
Scott Williamson, Esq., U.S. Commodity Futures Trading Commission, counsel for
Plaintiff.

John R. Neve, Esq., Neve & Associates, PLLC, counsel for Defendants.

---

On February 5, 2009 Plaintiff Commodity Futures Trading Commission

("Commission") filed a Complaint against the Defendants, Charles E. Hays, Jr. a.k.a.

Chuck Hayes ("Hays") and Crossfire Trading, LLC ("Crossfire"), seeking injunctive and

other equitable relief, as well as the imposition of civil penalties for violations of the

Commodity Exchange Act, amended by the Food, Conservation, and Energy Act of 2008,

Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA")),§ 13102, 122

Stat. 1651 (effective June 18, 2008)("Act"), 7 U.S.C. §§ 1 *et seq.* (2006), and the

Commission Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2008). This Court entered a Statutory Restraining Order against the defendants on February 5, 2009.

Hays and Crossfire, without admitting the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order and state that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1.     This Court has jurisdiction over the subject matter of this action and Defendants Hays and Crossfire hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2.     Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, in that Defendants Hays and Crossfire are found in, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district, among other places.

3.     Defendants Hays and Crossfire waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

1.     The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.     Cheating, defrauding or deceiving or attempting to cheat, defraud or deceive other persons in or in connection with any order to make, or the making of any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, in violation of Section 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i) and (iii), as amended 4b(a)(1)(A), and (C);

B.     Willfully making or causing to be made to other persons false reports or statements, or willfully entering or causing to be entered for other persons false records in violation of Section 4b(a)(2)(ii) of the Act, 7 U.S.C. §6b(a)(2)(ii), as amended 4b(a)(1)(B);

C.  Directly or indirectly employing any device, scheme, or artifice to defraud any pool participant or prospective participant; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any pool participant or prospective pool participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1);

D.  Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2008), or acting as a principal, agent or officer or employee of any person registered, required to be registered or exempted from registration with the Commission unless such exemption is pursuant to Commission Regulation 4.14(a)(9),17 C.F.R. 4.14(a)(9)(2008); and

E.  Otherwise engaging in any business activities related to commodity futures or options trading.

2.  Defendant Crossfire and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Crossfire and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Crossfire, is also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

4

A.    Acting as a commodity trading advisor ("CTA") or commodity pool operator ("CPO") without the benefit of registration, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1); and

B.    Allowing Hays or any other person to engage in solicitation activities for Crossfire without the benefit of registration as an associated person ("AP") of Crossfire in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

3.    Defendant Hays and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Hays and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Hays, is also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly acting as an AP of a CTA or CPO, without the benefit of registration, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

4.    The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.    Engaging in, controlling, or directing the trading of any commodity futures and options accounts, on their own behalf or on behalf of any other person or entity, whether by power of attorney or otherwise;

B.     Soliciting, receiving or accepting any funds from any person in connection with the purchase or sale of any commodity futures or options and/or using any funds received from third parties for the purpose of trading commodity futures or options; and

C.     Otherwise engaging in any business activities related to commodity futures and options trading.

5.     The Defendants, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.     Destroying, mutilating, concealing, altering or disposing of any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning the Defendants' business operations; and

B.     Refusing to permit authorized representatives of the Commission to inspect, when and as requested by those representatives, any books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of the Defendants, wherever located, including all such records concerning Defendants' business operations.

6.     Until further order of this Court, Defendants and each firm, corporation, partnership, association or other person or entity which holds or is a depository of their funds, securities, assets or other property of any kind, is prohibited from directly or indirectly transferring, withdrawing, removing or disposing of any such funds, securities, assets or other property of, or within the custody, control or possession of the Defendants, including, but not limited to, all funds, personal property, money or securities held in safes, safety deposit boxes and all funds on deposit in any financial institution, bank or savings and loan account, including funds or property of customers, wherever located, whether held in the name of the Defendants or otherwise, and the assets affected by this paragraph shall include both existing assets and income and assets and income acquired after the effective date of this Order.

7.     The injunctive provisions of this Order shall be binding on the Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of the Defendants and upon any person who receives actual notice of this Order by personal service, facsimile, electronic mail or otherwise insofar as he or she is acting in active concert or participation with the Defendants.

8.     Subject to the Defendants' proper assertion of their Fifth Amendment rights against self incrimination, the Defendants shall prepare, sign and file with the Court, within ten days of the date of this Order, a complete and accurate accounting for the period of January 1, 2006, to the date of such accounting, which shall be no earlier than the date of this Order.  Defendants Hays and Crossfire shall also produce all books,

records, and other documents supporting or underlying the accounting within a reasonable time period.   Such accounting shall include, without limitation, the identification of:

A.      All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by the Defendants, whether individually or jointly, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

B.      All funds, securities, commodity interests, assets and other property received directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States;

C.      All funds, securities, commodity interests, assets and other property transferred or otherwise disposed of directly or indirectly by the Defendants, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of the Defendants held by financial institutions located outside the territorial United States; and

D.      The names and last known addresses of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other property owned or controlled (legally, equitably or otherwise) by the Defendants.

9.      Subject to the Defendants' proper assertion of their Fifth Amendment rights against self incrimination, the Defendants are directed to allow representatives of the Commission, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, computer disks, computer hard drives, and other documents of the Defendants and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of the Defendant or others, and to copy said documents, data, and records either on or off the premises where they may be located.

10.     It is further ordered that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendant, or that may be subject to any provision of this Order.  Judy McCorkle, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

11.     This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

9

CONSENTED TO AND APPROVED BY:

s/John Neve                                   s/Susan J. Gradman
John Neve                                     Susan J. Gradman
Attorney for Defendants                       Senior Trial Attorney
Charles E. Hays, Jr. a.k.a. Chuck Hayes and   Commodity Futures Trading Commission
Crossfire Trading, LLC                        525 West Monroe Street, Suite 1100
                                              Chicago, Illinois 60661
                                              (312) 596-0523
Dated: 3/6 , 2009                             (312) 596-0714 (facsimile)
                                              sgradman@cftc.gov

                                              Dated March 9, 2009

IT IS SO ORDERED.

Date:   March 11, 2009                        s/Donovan W. Frank

                                              The Honorable Donovan Frank

                                              UNITED STATES DISTRICT JUDGE

                                              District of Minnesota